# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHARLES H. JOHNSON,
           Appellant,

      v.

DEPARTMENT OF COMMERCE,
           Agency.

DOCKET NUMBERS
CH-4324-13-0112-B-2
CH-3443-13-1466-B-2

DATE: March 16, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles H. Johnson</u>, Detroit, Michigan, pro se.

<u>David M. Brown</u> and <u>Frances C. Silva</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

### FINAL ORDER

¶1       The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action under the Uniformed Services

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) and dismissed several other claims for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The instant decision involves two separate appeals the appellant filed against the agency. An administrative judge dismissed the first, finding that, although the appellant was attempting to challenge his removal, he failed to show that he was a covered employee within the Board's jurisdiction. *Johnson v. Department of Commerce*, MSPB Docket No. CH-4324-13-0112-I-1, Initial Appeal File (0112 IAF), Tab 8, Initial Decision (0112 ID) at 1, 3-4. She further found that, while the appellant alleged discrimination under USERRA, he failed to meet the corresponding jurisdictional burden. 0112 ID at 1, 4-5. Another administrative judge similarly dismissed the appellant's second appeal. *Johnson v. Department of Commerce*, MSPB Docket No. CH-3443-13-1466-I-1, Initial Appeal File, Tab 7, Initial Decision (1466 ID). That administrative judge found that, while the appellant challenged the cancellation of his appointments,

the Board lacked jurisdiction over the matter because he had not completed a year of current continuous service in his position. 1466 ID at 2.

¶3    The appellant filed petitions for review in each of these appeals. *Johnson v. Department of Commerce*, MSPB Docket No. CH-4324-13-0112-I-1, Petition for Review File, Tab 1; *Johnson v. Department of Commerce*, MSPB Docket No. CH-3443-13-1466-I-1, Petition for Review File, Tab 1. On review, the Board joined the appeals and issued a single remand order. *Johnson v. Department of Commerce*, MSPB Docket Nos. CH-4324-13-0112-I-1 and CH-3443-13-1466-I-1, Remand Order (RO) (Apr. 22, 2014).

¶4    The Board affirmed the administrative judges' determinations that the Board lacked chapter 75 jurisdiction over the appellant's adverse action appeals. RO at 3-5. The Board also denied the appellant's claim that his termination constituted a furlough or reduction in force within our jurisdiction, dismissed his assertion that the Board had jurisdiction over his appeal as a termination for preemployment reasons, and declined his request to reopen a prior appeal he filed many years earlier. RO at 5-6. However, the Board found that remand was appropriate for other reasons.

¶5    To the extent that the appellant had alleged that the agency denied him a benefit of employment by failing to credit his military service for purposes of his service computation date for leave accrual, the Board found that the appellant met his jurisdictional burden for a discrimination claim under USERRA and vacated the administrative judge's finding to the contrary. RO at 6-7. The Board also found that the appellant did not receive *Burgess* notice concerning allegations that appeared to include a Veterans Employment Opportunities Act of 1998 (VEOA) claim, an employment practice claim, and a claim for relief under the Federal Erroneous Retirement Coverage Corrections Act (FERCCA), in addition to a possible reemployment claim under USERRA. RO at 7; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (recognizing

that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

¶6      The Board remanded with instructions to further adjudicate the USERRA discrimination claim described above and provide *Burgess* notice for the VEOA, employment practice, and FERCCA claims.  RO at 8.  The Board also indicated that the administrative judge should determine whether the appellant intended his allegations to constitute a USERRA reemployment claim.  RO at 7 n.5.

¶7      On remand, the administrative judge held a status conference with the parties, at which time the appellant requested and was granted 30 days to try to meet his jurisdictional burden.  *See Johnson v. Department of Commerce*, MSPB Docket No. CH-4324-13-0112-B-1, Remand File (0112-B-1 RF), Tab 3 at 1, 14.  Consequently, the administrative judge issued an order that provided *Burgess* notice concerning the VEOA, employment practice, FERCCA, and USERRA reemployment claims; directed the appellant to submit his jurisdictional response by September 22, 2014; and scheduled a status conference for October 14, 2014.  *Id.* at 14.  The appellant did not submit a timely response, nor did he appear for the scheduled status conference.  0112-B-1 RF, Tab 5 at 1.

¶8      In a subsequent order, the administrative judge instructed the appellant to establish good cause for his failure to respond to the jurisdictional order and his failure to appear for the status conference.  *Id.*  The administrative judge warned that she would dismiss the appeal for failure to prosecute if the appellant did not respond by October 29, 2014.  *Id.* at 1-2.  Although the appellant submitted a pleading before that deadline, he did not present good cause arguments.  0112-B-1 RF, Tab 6.  Instead, he requested certification of an interlocutory appeal.  *Id.*

¶9      The administrative judge denied the appellant's motion and once again ordered the appellant to establish good cause, this time by February 16, 2015, or have his appeal dismissed for failure to prosecute.  0112-B-1 RF, Tab 8.  Thereafter, the appellant submitted a pleading that was nonresponsive in terms of

the administrative judge's instruction to establish good cause. 0112-B-1 RF, Tab 9. As a result, the administrative judge dismissed for failure to prosecute the appellant's possible VEOA, employment practice, FERCCA, and USERRA reemployment claims. 0112-B-1 RF, Tab 12 at 1.

¶10 At the appellant's request, the administrative judge dismissed the remaining USERRA discrimination claim, without prejudice, to address the matter with the Department of Labor. 0112-B-1 RF, Tab 12 at 1-2, Tab 16. After refiling, the appellant summarily requested that the administrative judge reconsider the dismissal of his other claims for failure to prosecute, though he did not submit any supportive argument, despite being given the opportunity to do so. *Johnson v. Department of Commerce*, MSPB Docket No. CH-4324-13-0112-B-2, Refiled Remand File (0112-B-2 RRF), Tab 5 at 1, Tab 7 at 2. The administrative judge denied that request. 0112-B-2 RRF, Tab 7 at 2. The appellant also presented argument that the administrative judge construed as a request that the Board assert jurisdiction over his case based on the Veterans Benefits Improvement Act of 2004 and the Veterans' Benefits Act of 2010. 0112-B-2 RRF, Tab 3, Tab 9 at 1. The administrative judge also denied that request, finding that neither provided additional Board appeal rights. 0112-B-2 RRF, Tab 9 at 1-2.

¶11 For the lone remaining claim—a USERRA claim involving allegations that the agency failed to credit his military service for purposes of determining his service computation date for leave accrual—the appellant indicated that he did not want a hearing. 0112-B-2 RRF, Tab 5 at 1. Accordingly, the administrative judge issued a decision on the written record, denying the request for corrective action in that claim and reaffirming her prior dismissals for failure to prosecute. 0112-B-2 RRF, Tab 13, Remand Initial Decision.

¶12 The appellant has filed a petition for review. *Johnson v. Department of Commerce*, MSPB Docket No. CH-4324-13-0112-B-2, Remand Petition for

Review (0112-B-2 RPFR) File, Tab 1.  The agency has filed a response, and the appellant has replied.  0112-B-2 RPFR File, Tabs 3, 5.

¶13     A petition for review must contain sufficient specificity for the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record.  *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).  Under the Board's regulations, a petition for review must identify specific evidence in the record demonstrating any alleged erroneous findings of material fact and explain why the challenged factual determinations are incorrect.  5 C.F.R. § 1201.115(a).

¶14     Because the appellant has filed his petition for review pro se, we have construed it liberally.  *Harper v. Office of Personnel Management*, 116 M.S.P.R. 309, ¶ 9 (2011).  Nevertheless, we are unable to discern any specific challenges to the remand initial decision regarding those issues that the Board remanded.  The appellant does not appear to challenge the administrative judge's decision to deny corrective action in his USERRA discrimination claim or her decision to dismiss the other claims for failure to prosecute.

¶15     Rather than present specific challenges concerning the issues that remained during the remand proceedings, the appellant alleges that the administrative judge failed to address all genuine issues of material fact.  0112-B-2 RPFR File, Tab 1 at 1-2 (referencing *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980)).  In doing so, he presents several arguments concerning matters that are altogether different from those that were before the administrative judge on remand, in what appears to be an attempt to establish Board jurisdiction in some other context.  For example, the appellant argues that he was "a statutory 'employee'" and "entitled to all the protections for all purposes of Title 5."  0112-B-2 RPFR File, Tab 1 at 2-3.  However, the Board already determined that the appellant is not an "employee" with adverse action appeal rights.  *See supra* ¶ 4.  We will not reconsider that determination.  *See Mudrich v. Department of Agriculture*, 93 M.S.P.R. 313, ¶ 2 (2003) (recognizing that, under the law of the

case doctrine, a tribunal generally will not reconsider issues that already have been decided in an appeal). The appellant also references various provisions within 5 U.S.C. § 2302, suggesting that the agency has committed some sort of prohibited personnel practice and requesting that the Board assert jurisdiction over this appeal as an individual right of action appeal. 0112-B-2 RPFR File, Tab 1 at 6, 10-13. However, it is well established that section 2302 is not an independent source of Board jurisdiction. *E.g.*, *Belhumeur v. Department of Transportation*, 104 M.S.P.R. 408, ¶ 11 (2007). While an individual may bring an individual right of action appeal before the Board in certain contexts, concerning allegations of retaliation, we found no such allegations here. *See Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014) (recognizing that the Board has jurisdiction over an individual right of action appeal if an appellant exhausts her administrative remedies before the Office of Special Counsel and makes nonfrivolous allegations that: (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)).

¶16      The appellant's petition for review also contains some arguments concerning veterans' preference and the agency's hiring him into the excepted, rather than the competitive, service. 0112-B-2 RPFR File, Tab 1 at 3-9, 13. Although this argument is connected to the allegations we previously remanded as a possible VEOA claim, 0112 IAF, Tab 1 at 1-10; RO at 7, the appellant has failed to present any basis for us to disturb the administrative judge's dismissal of that claim for failure to prosecute, *see Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011) (recognizing that dismissal for failure to prosecute is appropriate if an appellant does not exercise basic due diligence by responding to repeated Board orders).

¶17      In sum, although we have considered the appellant's petition for review, we are not persuaded by any of the arguments he made therein.   Without any particularized arguments concerning the administrative judge's findings, we will not undertake further review of the record.[3] *See Tines*, 56 M.S.P.R. at 92.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.   5 U.S.C. § 7703(a)(1).   By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.   5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.   If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.   Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.   If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.   As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[3] We have reviewed the relevant legislation enacted during the pendency of these appeals and have concluded that it does not affect the outcome of the appeals.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.   As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.